**HYLAND LEVIN LLP**
By: Peter J. Boyer, Esquire
6000 Sagemore Drive, Suite 6301
Marlton, New Jersey 08053-3900
Phone: (856) 355-2912
Fax: (856) 355-2901
*Attorneys for Medford Village East Associates, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| MEDFORD COMMONS, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> LEXON INSURANCE COMPANY and BOND SAFEGUARD INSURANCE COMPANY, jointly and severally, <br><br> Defendants, | Civil Action No. 1:11-CV-188-NLH-KMW <br><br> Removed from the Superior Court of New Jersey, Docket No. BUR-L-222-08, by Notice filed on January 11, 2011 |
| TOWNSHIP OF MEDFORD, <br><br> Intervenor-Plaintiff, <br><br> -against- <br><br> LEXON INSURANCE COMPANY and BOND SAFEGUARD INSURANCE COMPANY, jointly and severally, <br><br> Defendants, | **DECLARATION OF** <br> **PETER J. BOYER, ESQUIRE** |
| LEXON INSURANCE COMPANY and BOND SAFEGUARD INSURANCE COMPANY, <br><br> Third-Party Plaintiff, <br><br> -against- <br><br> FREEDMAN COHEN DEVELOPMENT, LLC, MEDFORD VILLAGE EAST ASSOCIATES, LLC, CARL FREEDMAN, Individually AND MITCHELL COHEN, | |

{HL098220.2}

|  |  |
|---|---|
| Individually,<br><br>    Third-Party Defendants, | : <br> : <br> : <br> : <br> : |
| MEDFORD VILLAGE EAST ASSOCIATES, LLC,<br><br>    Fourth-Party Plaintiffs,<br><br> -against-<br><br>MEDFORD COMMONS, LLC, TOWNSHIP OF MEDFORD, FREEDMAN COHEN DEVELOPMENT, LLC, CARL FREEDMAN, Individually, MITCHELL COHEN, Individually, PENNONI ASSOCIATES, and JOHN DOES 1 THROUGH 5,<br><br>    Fourth-Party Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

I, Peter J. Boyer, being of full age, hereby declare as follows:

1. I am counsel of record (with Stephen D. Samost, Esquire) for Medford Village Associates, LLC ("MVE"), in this matter, which was removed to this Court from the New Jersey Superior Court, Burlington County vicinage (the "Superior Court"), Docket No. BUR-L-222-08.

2. Prior to removal, this action was pending in the Superior Court for over two years. On December 10, 2010, MVE filed an Order to Show Cause with the Superior Court seeking preliminary injunctive relief. A true copy of MVE's moving papers, with supporting Certifications ("MVE's Request for Preliminary Injunctive Relief"), is attached as Exhibit 1 to the January 14, 2011 Certification of Stephen D. Samost, Esquire (the "SDS Cert.").

2

{HL098220.2}

3.     MVE proceeded by way of Order to Show Cause because, for the reasons set forth in its moving papers, there is an imminent likelihood of irreparable harm in the event its application is not heard promptly.

4.     After reviewing MVE's moving papers, the Superior Court, by the Honorable Karen Suter, P.J.Civ., scheduled a conference call with counsel for all parties to discuss a schedule for briefing and hearing MVE's request for preliminary injunctive relief. The Court heard and considered MVE's request for an immediate expedited hearing as well as the request of counsel for Pennoni Associates ("Pennoni") that the matter be put off until February. Judge Suter thereafter set a schedule for briefing and arguing the matter, which was memorialized in a written Order to Show Cause entered by the court and provided to counsel for all of the parties (the "Superior Court OSC"), a true copy of which is attached as Exhibit 2 to the SDS Cert.

5.     In accordance with the schedule determined by the Superior Court and set forth in the Superior Court OSC, on December 28, 2010, Pennoni filed papers opposing the relief requested by MVE, which were received by my office the following day. A true copy of Pennoni's opposition papers is attached as Exhibit 3 to the SDS Cert.

6.     On January 6, 2011, in accordance with the schedule established by the Superior Court and set forth in the Superior Court OSC, MVE filed its reply papers in support of MVE's Request for Preliminary Injunctive Relief. A true copy of MVE's reply papers are attached as Exhibit 4 to the SDS Cert.

7.     With the filing of MVE's reply papers, the briefing of the issues raised by the Superior Court OSC was closed, and MVE's Request for Preliminary Injunctive

Relief was ripe for consideration and was scheduled by the Superior Court to be heard on January 12, 2011.

      8.    On or about January 10, 2011, the Debtors in related bankruptcy matters filed an adversary complaint and order to show cause in the United States Bankruptcy Court for the District of New Jersey, seeking to enjoin MVE from proceeding with MVE's Request for Preliminary Injunctive Relief in the Superior Court. A true copy of the Plaintiffs' Verified Complaint (without exhibits, which are voluminous) and Order to Show Cause filed in the Bankruptcy Court are attached as Exhibit 5 to the SDS Cert.

      9.    Upon consideration of the Debtors' papers, the Bankruptcy Court entered an Order to Show Cause, setting the matter down for a hearing on January 18, 2011 at 2:00 pm. A true copy of the Order to Show Cause entered by the Bankruptcy Court (the "Bankruptcy Court OSC") is attached as Exhibit 6 to the SDS Cert.

      10.    On January 11, 2011, upon being advised of the entry of the Bankruptcy Court OSC, Judge Suter adjourned the hearing scheduled for January 12, 2011 on the Superior Court OSC, pending a ruling from the Bankruptcy Court on the Bankruptcy Court OSC. A copy of Judge Suter's letter of January 11, 2011 is attached as Exhibit 7 to the SDS Cert.

      11.    Also on January 11, 2011, Pennoni's attorney filed an unauthorized sur-reply with the Superior Court (the "Sur-reply"). A true copy of the Sur-reply is attached at Exhibit 8 to the SDS Cert.

      12.    Later on January 11, 2011, Pennoni filed its Notice of Removal, removing this matter from the Superior Court to this Court.

13. MVE believes removal of this action from the Superior Court to this Court was improper, and has filed a Motion to Remand the matter to the Superior Court.

14. In the meantime, MVE's Request for Preliminary Injunctive Relief remains pending and undecided, and there remains an imminent threat of irreparable harm to MVE as set forth at length therein (See Exhibits 1 and 4).

15. In view of the posture of this matter at the moment of removal to this Court, MVE is requesting an expedited hearing (a) to determine whether this matter should be remanded to state court, and if this Court determines that the matter should not be remanded, (b) to hear and consider MVE's Request for Preliminary Injunctive Relief.

16. The Sur-reply improperly raises new and additional matters with respect to the subject matter of MVE's Request for Preliminary Injunctive Relief. The majority of those new matters relate to the Federal issue that Pennoni has injected into these proceedings, which involve The Copyright Act. 17 U.S.C. §§101, *et seq.* Accordingly, MVE has included in its Brief in Support of the Motion for Remand and Other Relief, filed concurrent with this Declaration, a supplemental discussion of the issues raised in the Sur-reply.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on January 14, 2011

_____
Peter J. Boyer