**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

| | | |
|---|---|---|
| MEDFORD COMMONS, LLC, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 11-cv-188 (NLH)(KMW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LEXON INSURANCE COMPANY and | : | |
| BOND SAFEGUARD INSURANCE | : | |
| COMPANY, jointly and severally, | : | |
| | : | |
| Defendants. | : | |

---

| | |
|---|---|
| TOWNSHIP OF MEDFORD, | : |
| | : |
| Intervenor- | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LEXON INSURANCE COMPANY and | : |
| BOND SAFEGUARD INSURANCE | : |
| COMPANY, jointly and severally, | : |
| | : |
| Defendants. | : |

---

| | |
|---|---|
| LEXON INSURANCE COMPANY and | : |
| BOND SAFEGUARD INSURANCE | : |
| COMPANY, | : |
| | : |
| Third-Party | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| FREEDMAN COHEN DEVELOPMENT, | : |
| LLC, MEDFORD VILLAGE EAST | : |
| ASSOCIATES, LLC, CARL FREEDMAN, | : |
| individually, and MITCHELL | : |
| COHEN, individually, | : |
| | : |
| Third-Party | : |
| Defendants. | : |

---

| |
|---|
| : |

```
MEDFORD VILLAGE EAST            :
ASSOCIATES, LLC, and STEPHEN D.:
SAMOST,                         :
                                :
               Fourth-Party     :
               Plaintiffs,      :
                                :
     v.                         :
                                :
PENNONI ASSOCIATES, INC., et    :
al.,                            :
                                :
               Defendants.      :
_____:
```

**<u>APPEARANCES</u>:**

Andrew B. Cohn, Esquire
Kaplin, Stewart, Meloff, Reiter & Stein, PC
350 Sentry Parkway
Building 640
Blue Bell, PA 19422
*Attorney for Plaintiff/Fourth-party Defendant Medford Commons, LLC*

Elizabeth Maria Garcia, Esquire
and
Richard W. Hunt, Esquire
Parker McCay PA
Three Greentree Centre
7001 Lincoln Drive West
P.O. Box 974
Marlton, NJ 08053
and
George J. Botcheos, Jr., Esquire
George J. Botcheos, Chartered
436 Commerce Lane
Suite A
West Berlin, NJ 08091
*Attorneys for Intervenor-Plaintiff/Fourth-party Defendant Township of Medford*

Eric Howard Lindenman, Esquire
Harris Beach LLC
One Gateway Center
Suite 2500
Newark, NJ 07102
*Attorney for Defendants/Third-party Plaintiffs Lexon Insurance*

2

*Company and Bond Safeguard Insurance Company*

Gary Neil Elkind, Esquire
Elkind & DiMento, PA
2090 East Route 70
Cherry Hill, NJ 08003
*Attorney for Third-party Defendants/Fourth-party Defendants*
*Freedman Cohen Development, LLC, Carl Freedman, and Mitchell*
*Cohen*

Michael J. Shavel, Esquire
Hill Wallack, LLP
777 Township Line Road
Suite 250
Yardley, PA 19067-5565
and
Peter Jay Boyer
Hyland Levin LLP
6000 Sagemore Drive
Suite 6301
Marlton, NJ 08053-3900
*Attorneys for Third-party Defendant/Fourth-party Plaintiff*
*Medford Village East Associates, LLC*

Stephen D. Samost, Esquire
Law Offices of Stephen D. Samost
479 Centennial Boulevard
Voorhees, NJ 08043-3802
*Pro se*

James John Ferrelli, Esquire
Duane Morris, LLP
1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003-2171
and
Stephen McNally, Esquire
Chiumento McNally LLC
Cherry Tree Corporate Center
535 Route 38 East
Suite 360
Cherry Hill, NJ 08002
*Attorneys for Fourth-party Defendant Pennoni Associates, Inc.*


**HILLMAN, District Judge**

    Fourth-party plaintiffs, Medford Village East Associates,

3

LLC ("MVE"), and Stephen D. Samost,[1] filed a fourth-party amended complaint in the Superior Court of New Jersey on April 23, 2009. As part of the amended complaint, MVE named as fourth-party defendants Pennoni Associates, Inc. ("Pennoni") and sought engineering plans and other work product possessed by Pennoni. On January 11, 2011, Pennoni filed its Notice of Removal in this Court.  MVE now moves to remand the case to the New Jersey Superior Court.

For the following reasons, MVE's Motion to Remand is granted, and this case is to be remanded to the Superior Court.

## I.    JURISDICTION

This Court is asked to exercise subject matter jurisdiction over the underlying claim pursuant to 28 U.S.C. § 1331 and § 1338.  Pennoni removed this action from the state court on the basis of a purported federal question raised by MVE concerning copyrights.

## II.   BACKGROUND

The underlying basis for this litigation is a dispute, several years old, over a substantial property in Medford Township, New Jersey.  The history of this case involves numerous parties, real estate agreements, engineering plan proposals, and

---

[1] Stephen Samost is the principal of MVE and also a fourth-party plaintiff in this case.  For the sake of simplicity, the Court will refer to both fourth-party plaintiffs collectively as "MVE."

development approvals, as well as extensive litigation in New Jersey state court, federal bankruptcy court, and, now, the federal district court.  For purposes of the present matter, this Court will focus primarily upon the procedural history between MVE and Pennoni.  Accordingly, facts involving other parties and issues in this global litigation will only be recited to the extent necessary to address this matter.

MVE owned a 280-acre property in Medford Township and agreed to sell it to the Township, who, in turn, agreed to sell portions of the property to different parties.  Pennoni contracted with one of the parties involved in the property transaction to perform engineering services, including the modification of engineering plans and data.  During the course of the real estate transactions, Pennoni received the engineering plans and assets of other companies or firms involved in the property's ongoing development in order to perform its work.

In or around early 2008, litigation ensued in the Superior Court of New Jersey between several parties concerning the property and related dealings.  In March 2008, Lexon Insurance Company ("Lexon"), a defendant in the case, filed a third-party complaint against MVE.  About two months later, MVE answered Lexon's complaint and filed a fourth-party complaint, in which Pennoni was named as one of the fourth-party defendants.  In light of pending bankruptcy proceedings, MVE reserved the right

5

to assert fourth-party claims against several parties including Pennoni and described those claims in vague contingent language. On the Superior Court's docket, however, a notation dated November 29, 2008, states "CRT INIT TO DSM," suggesting that the Superior Court initiated the dismissal of MVE's claims against Pennoni to the extent the first complaint could be said to have alleged any. (Pl. Mot., Exhs. 31 & 41). The parties appear to be in agreement, or at least do not dispute, that the complaint was dismissed by a ministerial act of the clerk of the court pursuant to state court rules obligating plaintiffs to effect service and otherwise prosecute claims.

Despite the clerk's entry, or perhaps because of it, on March 18, 2009, the Judge of the Superior Court then presiding over the matter, whose authority presumably exceeds that of the clerk, entered a Management Order enumerating the following directives:

    1.    To the extent that any of the pleadings of any party have been stricken through application of a Notice from the Court, those pleadings are hereby reinstated without the need for any further filing.

    2.    Any amendments to pleadings or responses to existing pleadings shall be filed by April 23, 2009.

          . . . .

    7.    Service of documents on any party may be effected by e-mail.

(Pl. Mot., Exh. 34, at 2). In a Revised Management Order dated

6

April 13, 2009, the same Judge of the Superior Court reiterated the same provisions.

On April 23, 2009, MVE filed an amended, and much more assertive and detailed, fourth-party complaint naming Pennoni as a fourth-party defendant and, among other things, seeking to compel Pennoni to "turnover [] any and all engineering plans and data for the Property in a reproducible form."  (Pl. Mot., Exh. 24, at 30).  As part of the amended complaint, MVE averred that "Samost and MVE retained rights in and to the engineering plans prepared by Pennoni."  (Pl. Mot., Exh. 24, ¶ 190).  As contemplated and sanctioned by the March and April Management Orders, Pennoni's counsel received a copy of the fourth-party amended complaint via e-mail on April 23, 2009.  Subsequently, on May 29, 2009, the Superior Court ordered that answers to the amended complaint be filed by June 15, 2009.

On June 3, 2009, more than thirty days after receiving the fourth-party complaint clearly asserting ownership of the disputed plans and, again, in seeming compliance with the previously entered Management Orders, Pennoni filed its answer.[2]

---

[2] Pennoni would probably be heard to say, as explained further *infra*, that it "attempted" to file an answer in light of its contention that as a matter of state procedural law no action was pending against them and therefore no answer would have been required.  First, whatever may have happened before and after, the answer was received by the clerk and entered on the docket where it remains to this day.  Second, as explained below, the Court is at a loss to understand how Pennoni can argue that the ministerial acts of the clerk could trump the clear unequivocal

Among its affirmative defenses to MVE's claims, Pennoni stated in the answer filed in state court: "[MVE]'s claim is barred by the Doctrine of Preemption by the regulations, statutes, case law and Constitution of the United States of America." (Pl. Mot., Exh. 26, at 42).

Further, and not unimportantly, Pennoni set forth a counterclaim for conversion against MVE. As part of that claim, Pennoni stated that it "holds an ownership interest in certain plans associated with the project which is the subject of this litigation." (Pl. Mot., Exh. 26, at 44). Moreover, Pennoni averred: "MVE and Samost exercise unauthorized and wrongful dominion and control over the plans which dominion and control was to the exclusion and inconsistent with the rights of Pennoni." (Id.) Consistent with its representations, Pennoni, in a separate count, also asked the Superior Court for "a declaratory judgment determining that it is the sole owner of the plans and other work product prepared for the Project to the exclusion of MVE and Stephen D. Samost." (Id. at 45). In short,

---

directions of the presiding judge regarding the reinstatement of the pleadings, the manner of service, and the obligation to answer. It appears that the clerk in later declining to acknowledge the answer simply failed to examine the detailed Management Orders previously entered by the presiding judge. The Court has no doubt that had the clerk examined those orders with the requisite care that she would have let the answer stand undisturbed. In sum, the clerk was wrong, and in the Court's view, no reasonable attorney acting diligently to examine the record could reach a contrary conclusion.

Pennoni's filed answer asserted federal defenses and a clear claim of exclusive ownership, and sought affirmative relief.

Days after filing its answer, Pennoni received a document from the Civil Case Management Office of the Superior Court, informing Pennoni that MVE's complaint was dismissed on November 29, 2008.  In light of the notification, Pennoni sent a letter to MVE on or around June 15, 2009.  In the letter, Pennoni advised MVE's counsel of Pennoni's dismissal from the case and, absent any reinstatement, its intention to not participate any further in the litigation.  More than eight months later, in a letter dated March 29, 2010, Pennoni reminded the Superior Court and all counsel that it had been dismissed from the case and to reinstate any claims against it MVE would have to comply with the New Jersey Court Rules.  Later that year, in December 2010, Pennoni contacted the Superior Court to confirm that it had been dismissed due to lack of prosecution on November 29, 2008.[3]

_____

[3] The Court notes that while it is certainly true that no lawyer should help his client get sued, it is equally clear that Pennoni's counsel for months made no attempt that we can discern to seek the state court's assistance or guidance in reconciling the glaring inconsistency between the clerk's directive and the previous orders of the Superior Court Judge.  Stated differently, it is one thing to require an adversary to follow the rules of civil procedure.  It is another thing for an officer of the court to rely on a ministerial error plainly inconsistent with an order of that same court.  Whether that offends the state court we leave to that tribunal.  What is clear here is that the claim of ignorance rings hollow as both the clerk's dismissal and the prior Management Orders are filed on the same docket.  At least constructive knowledge is plainly established.

In or around December 2010, MVE entered into a tentative settlement agreement with other parties involved in the project and litigation concerning the property.  Because MVE and Pennoni continued to dispute the ownership and use of the engineering plans, MVE requested that the Superior Court enter an order directing Pennoni to show cause why MVE's fourth-party amended complaint should not be reinstated[4] and why Pennoni should not have to turn over the plans, reports, and other documentation to which MVE had a right to retain.  The Superior Court entered the order and scheduled a hearing for January 12, 2011.  The day before the hearing, however, Pennoni filed its Notice of Removal on the grounds that MVE's action implicated a federal copyright issue, thereby engendering a federal question.

In response to the removal from New Jersey state court to this Court, MVE moves to remand the case or, alternatively, for a preliminary injunction against Pennoni.  On February 22, 2011, the Court conducted a hearing with respect to the Motion to Remand and specifically asked the parties to address issues surrounding the thirty-day removal period imposed by 28 U.S.C. § 1446(b).  At the conclusion of the hearing, the Court granted the parties leave to file additional briefing on the matter.

---

[4] The Court construes this not, as Pennoni does, as an acknowledgment that the clerk was right, only that the clerk's dismissal was inconsistent with the Management Orders and should therefore have been vacated, in effect reinstating the fourth-party complaint.

Presently before the Court is MVE's Motion to Remand.[5]

**III.** **DISCUSSION**

A defendant may remove a suit in state court to a federal district court pursuant to 28 U.S.C. § 1441 and in accordance with the procedures set forth by 28 U.S.C. § 1446.  "Removal is a statutory right, and the procedures to effect removal must be followed."  Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). "The district court must resolve all contested issues of fact and uncertainties of law in favor of the plaintiff."  Bank of N.Y. as Tr. for the Certificate Holders CWABS, Inc. v. Ukpe, 2009 U.S. Dist. LEXIS 115557, at *11 (D.N.J. Dec. 9, 2009) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  As such, "the court should strictly construe removal statutes and resolve all doubts in favor of remand."  Id. (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)).

Particularly relevant to the present matter, Section 1446(b) provides:

> The notice of removal of a civil action or

---

[5] MVE also filed a Motion "to Expedite Consideration of the Motion to Remand."  The Court, in effect, has granted that motion by considering MVE's Motion to Remand and holding a hearing on the motion so soon after its filing.  In this case, the Court recognizes that a significant delay in the resolution of this Motion to Remand could halt the entire, lengthy proceedings that have unfolded in New Jersey state court and beyond -- all because of the removal of a fourth-party defendant who does not appear to have secured the consent of other defendants for its removal -- and could jeopardize tentative settlement agreements reportedly in place among certain parties.

> proceedings shall be filed within thirty days
> after the receipt by the defendant, through
> service or otherwise, of a copy of the initial
> pleading setting forth the claim for relief
> upon which such action or proceeding is based,
> or within thirty days after the service of
> summons upon the defendant if such initial
> pleading has then been filed in court and is
> not required to be served on the defendant,
> whichever period is shorter.
>
> If the case stated by the initial pleading is
> not removable, a notice of removal may be
> filed within thirty days after receipt by the
> defendant, through service or otherwise, of a
> copy of an amended pleading, motion, order or
> other paper from which it may first be
> ascertained that the case is one which is or
> has become removable . . . .

28 U.S.C. § 1446(b).

Given that the thirty-day notice of removal mandate is a threshold matter to determining the propriety of a removal, the Court is compelled to address that issue before delving into any of the parties' other contentions.

MVE argues that its fourth-party amended complaint put Pennoni on notice, upon receipt of the complaint via e-mail on April 23, 2009, that MVE asserted an ownership interest in Pennoni's engineering plans. Thus, MVE argues that Pennoni had until May 23, 2009 to remove the suit. Because removal did not occur until January 2011, Pennoni's removal was untimely, MVE concludes. Moreover, any challenges to the viability of MVE's fourth-party amended complaint, MVE submits, are baseless by virtue of the Superior Court's orders issued in March and April

12

of 2009, which reinstated MVE's claims and permitted MVE to file an amended complaint, and also the May 29, 2009 order directing defendants to answer by June 15, 2009.  MVE believes that Pennoni's justifications for its untimely removal are undermined by Pennoni's filing of its answer on June 3, 2009 -- in compliance with the Superior Court's order -- and, in its answer, Pennoni's assertion of federal preemption as an affirmative defense and counterclaims intended to challenge any ownership claim that MVE had in Pennoni's plans.  According to MVE, Pennoni's answer, including the affirmative defense and counterclaim, refute Pennoni's representations that it was unaware until later of a federal question in this matter or MVE's claim of ownership.

On the contrary, Pennoni argues that it could not remove the case from state court until it was an actual party in the litigation and could reasonably ascertain a basis for removal. As illustrated by the documentation furnished by the Superior Court's Civil Case Management Office on June 5, 2009, Pennoni explains that it was dismissed from the case in November 2008 and that MVE never reinstated any action against it in accordance with the New Jersey Court Rules.  Accordingly, Pennoni contends that it was not a party to the case on or around June 2009 and therefore could not have removed the matter until it received the order to show cause in December 2010.  The December 2010 order to

show cause, says Pennoni, first evinced MVE's federal copyright claim, informing Pennoni of a federal question in the case and, consequently, a basis for removal.  Lastly, Pennoni contends that the removal period did not commence in or around April 2009 because MVE failed to sufficiently serve Pennoni with the fourth-party amended complaint.

The Court agrees with MVE that Pennoni's removal exceeded the thirty-day limit imposed by 28 U.S.C. § 1446(b) and thus was untimely.  First, in reaching this conclusion, the Court finds that MVE's fourth-party amended complaint sufficiently asserts a claim of ownership by MVE over Pennoni's engineering plans, reports, and other documentation in a manner from which Pennoni could have reasonably ascertained that the matter implicated a federal question of copyrights.  Contrary to Pennoni's narrow construction of the amended complaint, in its claim of conversion against Pennoni, MVE averred, expressly and unambiguously, that "Samost and MVE retained rights in and to the engineering plans prepared by Pennoni."  (Pl. Mot., Exh. 24, ¶ 190).  MVE also announced in the amended complaint that it sought to compel Pennoni to "turnover [] any and all engineering plans and data for the Property in a reproducible form."  (Id. at 30).  Despite whatever factual distinctions Pennoni may draw from the averments, MVE's fourth-party amended complaint clearly articulates MVE's claim to ownership in the engineering plans

14

possessed, created, and modified by Pennoni.  From those
pronouncements Pennoni could have reasonably ascertained a
challenge to its ownership over its plans that may have
implicated a federal copyright issue.  In fact, Pennoni did
realize as much.

In its answer to the amended complaint, Pennoni set forth an
affirmative defense on the basis of federal preemption.  In
particular, Pennoni stated: "[MVE]'s claim is barred by the
Doctrine of Preemption by the regulations, statutes, case law and
Constitution of the United States of America."  (Pl. Mot., Exh.
26 at 42).  Consequently, Pennoni recognized through its own
affirmative defense that any assertion by MVE of ownership over
Pennoni's plans could be preempted by federal law, presumably
federal copyright law.

Moreover, in its answer, Pennoni advanced its own
counterclaim for conversion -- mirroring MVE's conversion claim -
- in which Pennoni asserted that it "holds an ownership interest
in certain plans associated with the project which is the subject
of this litigation" and that MVE exercises "unauthorized and
wrongful dominion and control over the plans which dominion and
control was to the exclusion and inconsistent with the rights of
Pennoni."  (Id. at 44).  Additionally, Pennoni asked the Superior
Court for "a declaratory judgment determining that it is the sole
owner of the plans and other work product prepared for the

Project to the exclusion of MVE and Stephen D. Samost." (Id. at
45). Together, Pennoni's averments in support of its
counterclaims demonstrate its awareness that the subject of MVE's
fourth-party suit, and central to MVE's claims, was the ownership
rights to Pennoni's plans and work product. Therefore, for those
foregoing reasons, MVE's fourth-party amended complaint should
have reasonably informed Pennoni of a federal question in this
matter.

In defense of its failure to remove the case, Pennoni
contests the legitimacy of MVE's fourth-party amended complaint -
- specifically, that MVE did not reinstate its original complaint
in accordance with New Jersey Court Rule 1:13-7.[6]
Notwithstanding MVE's original complaint against Pennoni in May
2008 and its purported dismissal,[7] the Superior Court authorized
MVE's fourth-party amended complaint in its orders dated March
18, 2009 and April 13, 2009. Those orders specified that any of

---

[6] New Jersey Court Rule 1:13-7(a) provides that if a
plaintiff fails to proceed with its action, the action against
the defendant will be dismissed. Thereafter, the plaintiff must
reinstate its action through either a consent order or, depending
on the time frame, a motion to show good cause or exceptional
circumstances.

[7] Pennoni repeatedly points out that the Superior Court
initiated dismissal of MVE's original complaint, for lack of
service, on November 29, 2008. However, it is worth noting that
New Jersey Court Rule 1:13-7(a) requires that the state court
ultimately enter an order of dismissal. There is nothing in the
record, including a copy of the Superior Court's docket, to show
that an order of dismissal relating to MVE's original complaint
or its claims against Pennoni was entered by the Superior Court.

16

the parties' pleadings that had been "stricken through application of a Notice from the Court" were "reinstated without the need for any further filing."[8]  (Pl. Mot., Exhs. 34, at 2 & 35, at 2).  To the extent that MVE's original complaint had been dismissed and Pennoni was terminated as a party, the Superior Court's orders appear to reinstate them.[9]  Nevertheless, the Superior Court's orders also permitted the parties to amend their pleadings by April 23, 2009.  MVE's fourth-party amended complaint, filed on that date, complied with the Superior Court's orders, and expressly named as a defendant and set forth allegations against Pennoni.  Therefore, nothing suggests that MVE's fourth-party amended complaint is in any way defective or invalid in and of itself.  Consequently, Pennoni had until May 23, 2009, thirty days after being served the fourth-party amended complaint, to remove the matter.  Pennoni failed to do so.

In spite of the Superior Court's orders, Pennoni also argues

---

[8] In a letter dated May 7, 2009 that was addressed to the Superior Court and sent, via e-mail, to all counsel including Pennoni's, MVE's counsel referenced the April 13, 2009 order. Appended to the letter was a draft order -- eventually revised and entered by the Superior Court on May 29, 2009 -- entitled, "ORDER ON MOTIONS AND MODIFICATION OF APRIL 13, 2009 MANAGEMENT ORDER." (Pl. Mot., Exh. 29).  The letter and draft order addressed the filing of amended pleadings and answers thereto. The letter shows that Pennoni had received notice of the Superior Court's proceedings no later than around May 7, 2009.

[9] New Jersey Court Rule 1:13-7(a) allows a court to "impos[e] reasonable additional or different procedures to facilitate" proceedings in relation to a particular defendant.

that the process of service of the fourth-party amended complaint
by e-mail was insufficient and, thus, Pennoni's receipt of the
complaint on April 23, 2009 did not commence the thirty-day
removal period.[10]  Pennoni relies on <u>Murphy Brothers., Inc. v.</u>
<u>Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999), in which the
Supreme Court of the United States held that "a named defendant's
time to remove is triggered by simultaneous service of the
summons and complaint, or receipt of the complaint, 'through
service or otherwise,' after and apart from service of the
summons, but not by mere receipt of the complaint unattended by
any formal service."  <u>Id.</u> at 347-48.  In that case, the Supreme
Court rejected the commencement of the thirty-day removal period
by the defendant's mere receipt of a faxed courtesy copy of the
complaint.  The Supreme Court predicated its decision, in part,
on the "bedrock principle" that "[a]n individual or entity named
as a defendant is not obliged to engage in litigation unless
notified of the action, and brought under a court's authority, by
formal process."  <u>Id.</u> at 347.

     Contrary to Pennoni's assertions, however, <u>Murphy Brothers</u>
does not support Pennoni's position, but rather supports the

---

     [10] While Pennoni asserted insufficiency of service of process
as an affirmative defense in its answer to MVE's fourth-party
amended complaint, it never attempted to dismiss the case on
those grounds.  New Jersey Court Rule 4:6-3 directs a defendant
to move for dismissal on the basis of insufficiency of process or
service of process within ninety days of the service of the
defendant's answer.

Court's conclusion that Pennoni did not timely remove MVE's action after being served with the fourth-party amended complaint.  The import of <u>Murphy Brothers</u> is that the thirty-day removal period cannot run on a defendant until that defendant (1) has notice of the plaintiff's action against it -- including the facts or claims that would enable the defendant to remove the case -- and (2) is compelled by judicial act or writ to defend itself against the plaintiff's action.  As such, the Supreme Court explained in its Opinion: "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or *other authority-asserting measure* stating the time within which the party served must appear and defend."  <u>Id.</u> at 350 (emphasis added).  In this case, Pennoni became an official party and was required to take action upon the Superior Court's entry of its orders dated March 18, 2009 and April 13, 2009, as explained *supra*, and the subsequent May 29, 2009 order.

Once more, the Superior Court's orders dated March 18, 2009 and April 13, 2009 reinstated the parties' prior pleadings, permitted the parties to file amended pleadings, and allowed service of any documents to be effected on any party by e-mail. Pursuant to the Superior Court's orders, MVE adequately served the amended complaint on Pennoni through e-mail.  Thereafter, the Superior Court's May 29, 2009 order directed defendants to submit

19

their answers to the amended complaint by June 15, 2009, a judicial decree observed and obeyed by Pennoni.  In light of those orders, MVE's service of the amended complaint comported with the Superior Court's directive and the Superior Court asserted its authority over those defendants named in the amended pleading, including Pennoni, by compelling them to respond. Cognizant of MVE's fourth-party amended complaint and the Superior Court's authority over the matter, Pennoni complied with the May 29, 2009 order and filed an answer.  In so doing, Pennoni set forth its affirmative defense of federal preemption and actively availed itself of the Superior Court's jurisdiction by asserting counterclaims in support of its own ownership rights. Therefore, consistent with Murphy Brothers, Pennoni received, and responded to, notice of the plaintiff's action and the assertion and compulsion of judicial authority.  As such, Pennoni cannot justify its belated attempt at removal by disapproving of the Superior Court's orders or MVE's conduct as authorized by those orders.

In sum, the Court concludes that despite its knowledge of MVE's claims and the existence of a federal question, Pennoni did not attempt to remove this case within the time designated by the federal removal statute.  Accordingly, MVE's Motion to Remand is granted, and this case will be remanded to the New Jersey Superior Court.

20

**IV.   CONCLUSION**

      For the foregoing reasons, MVE's Motion to Remand is granted, and this matter is to be remanded to the New Jersey Superior Court.  An Order consistent with this Opinion will be entered.


Dated: April 1, 2011                    /s/ NOEL L. HILLMAN
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.